McGirk, C. J.,
delivered the opinion of the Court.
This case presents two applications for a writ of quo wrtfranto: One to the Constable of the township of Franklin, in the county of Howard, to show by what authority he exercises that bffice; the other part of the petition asks a similar writ to N. S. Burekhartt, Sheriff of Howard county, to show cause why he executes the office of Assessor $ alledging, said Burekhartt was a holder of public money at the time of his appointment, and that he had not paid, at the time of being appointed Assessor, all sums for which he may he accountable. The petition is verified by oath. The petition does not show that Parish was illegally appointed, but alledges that he is not now qualified to hold the office, because he boards with Mr. Ryland, and sleeps iii the dffice of Ryland & Grundy; and then states, in general terms, that he is not qualified as the law directs. This Court conceive the writ of quo warranto is a proper remedy, in case the person complained of had been illegally appointed j but that does not appear by this petition, nor by any other proof. If the appointment was legal at first, the circumstances of boarding and sleeping in another house afterwards, would not be a disqualification. The general allegation, that Mr. *81 Parish is not qualified, as the law directs, is not specific enough to authorize our interference. Let the motion he denied.
With respect to the writ against Burckhartt for holding the office of Assessor, the-evidence does not show, that at the time of that appointment, he was a defaulter, hut only states he had not paid-off all sums for which he may he accountable. This accountability is entirely prospective, and in the potential mood; the petition is not certain enough as to time, to authorize our interference. In this case there ought to-be evidence to show, that at the time Burckhartt was appointed Assessor, he was then in default, and then accountable for public money. If a case of that kind were-made out, the Court would consider the writ of quo warranto a constitutional remedy.
Let the motion, on this part of the petition also be denied.